Dorian KING, on behalf of himself and all others similarly situated, Diane King Jtwros, on behalf of herself and all others similarly situated and Diane King, Plaintiffs–Appellees,

v.

LIVENT, INC., Livent (U.S.), Inc., Livent Capital, Inc., Livent International, Inc., Livent Realty (New York), Inc., Livent Realty (Chicago), Inc., Jerald M. Banks, Paine Webber, Furman Selz and Cibc Wood Gundy Securities, Inc., Defendants,

Martin Goldfarb, Daniel D. Brambilla, Thomas H. Lee, James A. Pattison, Scott Sperling, Joseph L. Rotman and Deloitte & Touche Chartered Accountants, Defendants–Cross–Claimants,

Maria Messina, Lynda Friendly, Christopher Craib, Diane J. Winkfein, D. Grant Malcolm and Tony Fiorino, Defendants–Cross–Defendants,

Garth H. Drabinsky and Myron I. Gottlieb, Defendants–Cross–Defendants–Appellants,

Gordon Eckstein, Consolidated–Defendant–Cross–Defendant,

CIBC Oppenheimer, Consolidated–Defendant,

H. Garfield Emerson and A. Alfred Taubman, Consolidated–Defendants–Cross–Claimants.

No. 05–1377–CV.

United States Court of Appeals, Second Circuit.

Dec. 29, 2005.

Ronald A. Nimkoff (Robert J. Schechter), Nimkoff Rosenfeld & Schechter, LLP, New York, NY, for Defendants–Appellants, of counsel.

Murielle J. Steven, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY, for Plaintiffs–Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Garth H. Drabinsky ("Drabinsky") and Myron I. Gottlieb ("Gottlieb") appeal from the district court's grant of summary judgment against them for violations of section 11 of the 1933 Securities Act, from the award of 9 percent prejudgment interest, and from an order denying leave to implead third parties and to file cross-claims. We assume familiarity with the facts, the procedural history, and the issues on appeal. A grant of summary judgment is reviewed *de novo*. *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir.2001). Evidentiary rulings defining the summary judgment record are reviewed for abuse of discretion. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 211 (2d Cir.2005). Appellants also challenge the district court's award of prejudgment interest. Awards of prejudgment interest are reviewed for abuse of discretion. *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 602–03 (2d Cir.2003). Lastly, appellants challenge the district court's denial of their impleader and cross-claim motions. Denials of third-party practice motions are reviewed for abuse of discretion. *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 749 n. 2 (2d Cir.1984).

Gottlieb and Drabinsky attempted to mount a "due diligence" defense. Depending on whether the particular portion of the registration statement purports to be made on the authority of an expert, such a defense requires defendants to either sustain the burden of proof that after reason-

able investigation they had "reasonable ground to believe and did believe . . . that the statements therein were true" or that defendants "had no reasonable ground to believe and did not believe . . . that the statements therein were untrue." 15 U.S.C. 77k(b)(3) (2004). Summary judgment is appropriate unless defendant alleges sufficient facts to establish the possibility of such diligence.

■ 1. Drabinsky and Gottlieb failed to establish the possibility of a due diligence defense, as no evidence tending towards due diligence was admissible. In opposing a motion for summary judgment, affidavits must be made on "personal knowledge" and must show that an affiant is "competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Drabinsky and Gottlieb submitted a single affidavit in opposition to summary judgment. The Topol Affidavit's only reference to Drabinsky and Gottlieb's state of mind recites (uselessly): "I [Topol] *believe* Drabinsky and Gottlieb relied on the assurance of Livent's professional advisors (both internal and external) that all matters were fully and completely disclosed and accounted for." (emphasis added). Allegations in an affidavit based on belief only are properly not considered in opposition to a motion for summary judgment. *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004). Moreover, this statement was unsupported by facts to show first hand knowledge as to either the Livent diligence procedures or Defendants' state-of-mind. In recounting the "individuals involved in the Notes due diligence process," Topol does not list himself. Having not been involved in the diligence process himself, and having claimed no source of knowledge as to the goings on of that process, Topol has given no sufficient basis for his opinion as to Gottlieb and Drabinsky's beliefs about the truth of the registration statement.

■ 2. A district court has "broad" discretion to award prejudgment interest, and should consider, *inter alia*, "the need to fully compensate the wronged party for actual damages suffered." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir.1996). Prejudgment interest at 9 percent was necessary to fully compensate plaintiffs, who had purchased bonds scheduled to pay 9.375 percent interest per annum. The district court did not abuse its discretion in refusing to adopt Defendants' balance-of-the-equities analysis.

■ 3. The district court did not abuse its discretion in denying Defendants' impleader and cross-claim motions as untimely. The district court had scheduled joinder to be fully completed by January 7, 2002, but that was no guarantee that any motion made before January 7 would be timely, especially (as here) where the joinder motion would have been feasible long before the deadline. Gottlieb and Drabinsky do not dispute that they had knowledge of facts upon which to move for third-party joinder months prior to their motion. As such, the district court did not abuse its discretion in denying their motion as untimely.

For the foregoing reasons, we AFFIRM the judgment and orders of the district court.