## In re LIVENT, INC. NOTEHOLDERS SECURITIES LITIGATION.

### No. 98 Civ. 7161(VM).

United States District Court, S.D. New York.

April 4, 2006.

Donald R. Wager, Los Angeles, CA, Lionel Z. Glancy, Peter A. Binkow, Glancy & Binkow LLP, Los Angeles, CA, Patrick V. Dahlstrom, Stanley Merrill Grossman, Pomerantz, Haudek, Block, Grossman & Gross LLP, New York, NY, for Dorian King.

Harvey L. Pitt, Fried, Frank, Harris, Shriver & Jacobson, New York, NY, Harvey Bernard Silikovitz, Cohen & Gresser, LLP, New York, NY, Ronald A. Nimkoff, Nimkoff Rosenfeld & Schechter, LLP, New York, NY, for Garth H. Drabinsky.

Harvey Bernard Silikovitz, Cohen & Gresser, LLP, New York, NY, Lee S. Richards, III, Richards, Spears, Kibbe & Orbe, New York, NY, Ronald A. Nimkoff, Nimkoff Rosenfeld & Schechter, LLP, New York, NY, for Myron I. Gottlieb.

Leon P. Gold, Proskauer Rose LLP, New York, NY, Leslie Jill Harris, Buchanan Ingersoll, P.C., Philadelphia, PA, for Daniel D. Brambilla.

Don Brian Hufford, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY, Greg A. Danilow, Stephen Alan Radin, Weil, Gotshal & Manges, LLP, New York, NY, Sofia Giatrakos, Citigroup, the Control Group, New York, NY, for H. Garfield Everson.

Don Brian Hufford, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY, for Gordon Eckstein.

Don Brian Hufford, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY, Eric M. Roth, Wachtell, Lipton, Rosen & Katz, New York, NY, for A. Alfred Taubman.

Bradley Jay Butwin, James L. Burnes, O'Sullivan, LLP, New York, NY, Jonathan Rosenberg, O'Melveny & Myers LLP, New York, NY, for Martin Goldfarb.

James S. Dittmar, William J. Connelly, Hutchins, Wheeler & Dittmar, Boston, MA, Sanford F. Remz, Yurko & Salvesen, P.C., Boston, MA, for Thomas H. Lee, James A. Pattison, Scott Sperling, Joseph L. Rotman.

### DECISION AND ORDER

MARRERO, District Judge.

Defendants Garth Drabinsky and Myron Gottlieb (collectively, "Defendants") move pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") for an order vacating this Court's March 25, 2005 Decision and Order granting summary

judgment against Defendants (the "Order"). *See In re Livent, Inc., Noteholders Securities Litigation,* 355 F.Supp.2d 722 (S.D.N.Y.2005). The facts pertaining to the underlying action are set forth in the Order.

## I. *DISCUSSION*

Defendants assert that newly available evidence, consisting of testimony and documents introduced in a Canadian criminal court proceeding, contradicts testimony relied upon by the Court in the underlying action that was the subject of the Order and accordingly warrants a reversal of the Order. Specifically, Defendants assert that testimony offered in the Canadian criminal proceeding contradicts the deposition testimony of Gordon Eckstein ("Eckstein") taken in connection with the action before this Court. Defendants also assert that the new testimony demonstrates that Eckstein was the true culprit who conceived and carried out the massive frauds and other wrongdoing at Livent, and that Defendants exercised due diligence in attempting to assure the accuracy of Livent's financial records.

The lead plaintiffs in the underlying action, Dorian and Diane King (collectively, "Plaintiffs") assert that the testimony from the Canadian criminal proceeding does not meet the requirements of Rule 60(b) because the testimony could have been discovered by the exercise of due diligence prior to the issuance of the Order. (*See* Letter from H. Adam Prussin to Judge Victor Marrero, dated March 24, 2005.) Plaintiffs also assert that the materials Defendants proffer do not include any new relevant evidence. On March 31, 2006, the Court held a conference with the parties and heard argument on Defendants' motion.

The Court has reviewed the parties' submissions and additional arguments. Hav-ing considered this material and the earlier record, the Court concludes that the testimony and documents relied upon by the Defendants do not provide sufficient grounds to vacate the Order. Defendants assert that the new testimony calls into question the veracity of Eckstein's statements in the underlying action. However, the Order was not based solely on Eckstein's statements. Rather, it was supported by the deposition testimony of numerous other individuals who had served as high-ranking Livent officials and were in a position to have knowledge of the facts relevant to the issues resolved by the Order, as well as by Livent internal business records and public disclosures. *See Livent,* 355 F.Supp.2d at 732. Furthermore, the Court found that summary judgment against Defendants was warranted as to the precise issue in dispute, whether, to avoid liability pursuant to Section 11(a) ("Section 11") of the Securities Act of 1933, 15 U.S.C. § 77k, Defendants had put forth sufficient evidence establishing that they had conducted necessary due diligence in respect of the false or misleading financial information contained within a Livent Registration Statement. *See id.* at 734. None of the material submitted in connection with Defendants' instant motion constitutes new evidence raising material issues of fact warranting a finding that Defendants conducted the necessary due diligence demanded by Section 11. As to that narrow issue, whether or not it was Eckstein and not Defendants who masterminded and orchestrated the Livent securities frauds, does not bear on whether Defendants, as Livent's highest-ranking managers, properly performed the duties Section 11 imposed upon them. Accordingly, Defendants' motion is denied.

## II. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendants Garth Drabinsky and Myron Gottlieb pursuant to Fed.R.Civ.P. 60(b) (Docket No. 272) to relieve defendants from the judgment entered in accordance with the Court's Order dated March 25, 2005 granting summary judgment in this action is **DENIED.**

**SO ORDERED.**