Gordon Eckstein, Consolidated–Cross–Defendant,

Robert Topal and CIBC Oppenheimer, Consolidated–Defendant,

H. Garfield Emerson and A. Alfred Taubman, Consolidated–Cross–Claimants–Defendants.

No. 06–2070–cv.

United States Court of Appeals, Second Circuit.

April 3, 2007.

Dorian KING, on behalf of himself and all others similarly situated and Diane King, Plaintiffs–Appellees,

v.

Garth H. DRABINSKY and Myron I. Gottlieb, Defendants–Cross–Defendants–Appellants,

Livent, Inc., Jerald M. Banks, Paine Webber, Furman Selz, CIBC Wood Gundy Securities, Inc., Livent Realty, Inc., Livent Capital, Inc., and Livent International, Inc., Defendants,

Murielle J. Steven, Pomerantz, Haudek Block Grossman & Gross LLP, New York, N.Y., for Plaintiffs–Appellees.

Charles A. Stillman, Stillman, Friedman & Schectman, P.C., New York, N.Y., for Defendants–Cross–Defendants–Appellants.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS III, District Judge.*

* The Honorable William K. Sessions III, of the United States District Court for the District of

## SUMMARY ORDER

This is an appeal from an April 4, 2006 Decision and Order of the United States District Court for the Southern District of New York (Marrero, *J.*), denying the motion of Defendants–Appellants Garth H. Drabinsky ("Drabinsky") and Myron I. Gottlieb ("Gottlieb") (together, "Defendants"), pursuant to Fed.R.Civ.P. 60(b)(2). *In re Livent, Inc. Noteholders Sec. Litig.*, 426 F.Supp.2d 137 (S.D.N.Y.2006). Defendants' motion sought to vacate the district court's thoughtful March 21, 2005 Decision and Order, which granted summary judgment to the Plaintiffs–Appellees. *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F.Supp.2d 722 (S.D.N.Y.2005). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824–25 (2d Cir.1996) (per curiam). Drabinsky and Gottlieb have failed to make such a showing here. Although Defendants argue that "newly discovered" evidence, consisting of testimony and documents introduced in a Canadian criminal court proceeding, undermines the district court's earlier grant of summary judgment, this evidence does nothing to remedy Defendants' original failure to adduce any evidence at all of their supposed due diligence. *See King v. Livent*, 161 Fed.Appx. 116, 117 (2d Cir.2005) (unpublished) ("Drabinsky and Gottlieb failed to establish the possibility of a due diligence defense, as no evidence tending towards due diligence was admissible."). Nor can we say that the new evidence adverted to by Drabinsky and Gottlieb could not have been found much earlier had Defendants exercised reasonable efforts. As such, the district court cannot be said to have abused its discretion in denying their Rule 60(b)(2) motion.

Having carefully considered Defendants' arguments, we find them to be without merit. Accordingly, we AFFIRM the judgment of the district court, and the pending motion is DENIED as moot.