**Angel SANTOS, Plaintiff–Appellant,**

v.

**John M. MURDOCK, Luisa St. Pierre, Linworth Jones, John Koch, Andrew Jaffe, and John Doe, Defendants–Appellees.**

**Docket No. 99–9468.**

United States Court of Appeals, Second Circuit.

Submitted March 13, 2001.

Decided March 23, 2001.

M. Donald Cardwell, Cardwell, Cardwell & Smoragiewicz, Hartford, CT, for plaintiff-appellant.

* The Honorable William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

Jeffrey G. Schwartz, Law Offices of Scott B. Clendaniel, Hartford, CT, for defendants-appellees.

Before McLAUGHLIN, SOTOMAYOR, Circuit Judges, and BERTELSMAN, District Judge.*

PER CURIAM:

Plaintiff-appellant Angel Santos ("Santos") appeals from a decision of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*) granting summary judgment to defendants-appellees, five named Hartford police officers and other unidentified officers. Because we find that the sole piece of evidence proffered by Santos in opposition to defendants' motion for summary judgment-an affidavit by a non-party witness-would be inadmissible at trial for substantive purposes and did not show that the witness would testify in support of Santos's case at trial, we affirm the district court's determination that Santos failed to show that there was a genuine issue as to any material fact.

This case arose from the March 1994 murder of a seven-year-old girl, for which Santos was a suspect. On the day of the murder, the police questioned Santos and performed physical tests on him, but they did not place him under arrest. Later, on April 7, 1994, while investigating an unrelated robbery, the police arrested Ernesto Diaz Gonzalez, Santos's step-uncle, on an outstanding, unrelated warrant. While in custody, Gonzalez provided the police with a sworn statement that implicated Santos in the murder. According to Gonzalez, Santos admitted to Gonzalez that he had killed the girl.

Based on Gonzalez's sworn statement, defendants submitted an application for an arrest warrant. The warrant was granted, and Santos was arrested on April 26, 1994. He was held in jail throughout the criminal proceedings. At a probable cause hearing held after Santos's arrest, Gonzalez again

implicated Santos in the murder. However, in an affidavit of October 17, 1994, Gonzalez recanted his earlier statements and claimed that the police had coerced him into implicating Santos by threatening him with a nine-year prison term. This affidavit was based on oral statements that Gonzalez made at a meeting with Santos's lawyer and was prepared by that lawyer. Because of this affidavit, the State dropped the murder charge against Santos and released him from custody. Gonzalez was subsequently convicted of perjury for falsely testifying at the probable cause hearing.

Santos brought this action under 42 U.S.C. §§ 1983 and 1988 alleging that defendants violated his Fourth and Fourteenth Amendment rights by knowingly submitting an arrest warrant application containing false statements and by arresting him without probable cause. During the course of discovery, defendants twice deposed Gonzalez, asking him about the circumstances surrounding the original police statement that led to Santos's arrest. Santos's counsel was present at both depositions and cross-examined Gonzalez on both occasions. At the first deposition, Gonzalez invoked his Fifth Amendment privilege and refused to testify about the events that gave rise to his first statement incriminating Santos. At the second deposition, however, Gonzalez testified that he had not been coerced by the officers but had falsely implicated Santos in order to secure favorable treatment in connection with the criminal charges against him.

The officers moved for summary judgment. Santos's only evidence in opposition to the motion was the affidavit in which Gonzalez claimed he had been coerced into implicating Santos, showing, according to Santos, that Gonzalez might testify consistent with the affidavit at trial. The district court granted the summary judgment motion, finding that the evidence was too "speculative" to raise genuine issues of material fact. Santos now appeals.

 Our review of a district court's grant of summary judgment is de novo,

and we apply the same principles as are applied by the district courts. *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir.2000). On appeal, we may affirm a district court's grant of summary judgment on any ground upon which the district court could have rested its decision. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

 Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Once a party moving for summary judgment has made the requisite showing that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is, indeed, a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Such evidence may be, and frequently is, presented in the form of affidavits which, when used, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial. *See Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548 (stating that nonmoving party need not "produce evidence in a form that would be admissible at trial" but must "by her own affidavits ... designate specific facts showing that there is a genuine issue for trial") (internal quotation marks omitted); *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454–55 (2d Cir.1991) (stating that "hearsay testimony that would not be admissible if testified to at the trial may not properly be set forth in [an] affidavit") (internal quotation marks and citation omitted).

 In opposition to summary judgment, Santos relied exclusively upon the affidavit in which Gonzalez recanted the

statements that incriminated Santos and claimed that the police had coerced him into making those statements. Defendants have shown through Gonzalez's second deposition that Gonzalez would testify at trial that he was not coerced into incriminating Santos and that he fabricated the incriminating story from information obtained through the media. Because of this, the affidavit would be admissible at trial only as a prior inconsistent statement. Prior inconsistent statements are generally admissible for impeachment purposes only, *see* Fed.R.Evid. 613, and are inadmissible hearsay for substantive purposes unless they were made at "a trial, hearing, or other proceeding, or in a deposition." Fed.R.Evid. 801(d)(1)(A). In the instant case, Gonzalez met with Santos's attorney and signed an affidavit prepared by the attorney. These circumstances do not constitute an "other proceeding" within the meaning of Rule 801(d)(1)(A). *See United States v. Micke*, 859 F.2d 473, 477 (7th Cir.1988) (holding that a statement made during an Internal Revenue Service investigation and signed by the witness was not made at an "other proceeding" under Rule 801(d)(1)(A)); *United States v. Livingston*, 661 F.2d 239, 242 (D.C.Cir.1981) (holding that witness's sworn statement, written for her by postal inspector who based it upon her earlier statements, was not admissible as substantive evidence under Rule 801(d)(1)(A)). As a result, the Gonzalez affidavit could be admitted at trial only for impeachment purposes, and it cannot itself be used to support Santos's case at the summary judgment stage.

▮ Nor does the affidavit show that Gonzalez would testify in support of Santos's case at trial. Defendants have affirmatively shown that Gonzalez is prepared to testify that he was not coerced, but rather incriminated Santos in order to gain favorable treatment from the police. Santos, on the other hand, provides nothing that would affirmatively indicate that Gonzalez is prepared to testify in a manner consistent with the affidavit. Absent such a showing, a nonmoving party's claim cannot survive a motion for summary judg-

ment. *See McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir.1996) (holding that statements made by witnesses who later recanted those statements in affidavits could not be considered in opposition to summary judgment because "a suggestion that admissible evidence might be found in the future is not enough to defeat a motion for summary judgment"), *aff'd sub nom.*, *McMillian v. Monroe County*, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *Petruzzi's IGA Supermarkets, Inc. v. Darling–Delaware Co.*, 998 F.2d 1224, 1246 (3d Cir.1993) (hearsay memorandum was properly excluded from consideration at the summary judgment stage because the memorandum could not be reduced to admissible form where it was based upon the statements of witnesses who gave contradictory testimony in subsequent depositions); *cf. Darnell v. Target Stores*, 16 F.3d 174, 176–77 (7th Cir.1994) (holding that a nonmoving party cannot raise a genuine issue of material fact by submitting an affidavit which has later been recanted in deposition testimony). Rather, as Rule 56 and our cases suggest, an implicit or explicit showing that the affiant is prepared to testify in a manner consistent with an affidavit is required to oppose summary judgment. *Cf.* Fed.R.Civ.P. 56(e) ("affidavits ... shall show affirmatively that the affiant is competent to testify"); *Banco de Espana v. Federal Reserve Bank of New York*, 114 F.2d 438, 444–45 (2d Cir.1940) (finding "express averment" unnecessary where "other circumstances indicate" that the affiant, a foreign diplomat immune to process, would testify at trial). Because Santos failed to present any evidence raising a genuine issue of material fact as to whether defendants violated his constitutional rights, the district court properly granted their motion for summary judgment.

For the reasons set forth above, we affirm the district court's grant of defendants' motion for summary judgment.