**DIARAMA TRADING CO., d/b/a DTC, Plaintiff–Counter–Defendant–Appellant,**

v.

**J. Walter THOMPSON, Inc., d/b/a Diamond Promotion Service, Hasenfeld–Stein, Inc., Kwiat, Inc., and Julius Klein Diamonds, Inc., Defendants–Counter–Claimants–Appellees,**

**Lili Diamond Siman–Tov Bros, De Beers Consolidated Mines Limited, De Beers Centenary AG, and Diamond Trading Company Limited, Defendants.**

**No. 05–6112–cv.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2006.

Amy B. Goldsmith (George Gottlieb, Marc P. Misthal, on the brief), Gottlieb, Rackman & Reisman, P.C., New York, NY, for Appellant.

James B. Swire (Eleanor M. Lackman, on the brief), Arnold & Porter LLP, New York, NY, for J. Walter Thompson, Inc.

Allen Green, Kalnick, Klee & Green, LLP, New York, NY, for Kwiat, Inc.

Susan Progoff, Ropes & Gray LLP, New York, NY, for Julius Klein Diamonds, Inc.

Edward S. Rudofsky, Zane & Rudofsky, New York, NY, for Hasenfeld–Stein, Inc.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Diarama Trading Co. ("Diarama") commenced the instant action under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and New York common law principally alleging infringement upon its federally registered "DTC" trademark. Defendants J. Walter Thompson, U.S.A., Inc. ("JWT"), Hasenfeld–Stein, Inc., Kwiat, Inc., and Julius Klein Diamonds, Inc. (collectively, the "Moving Defendants") brought counterclaims seeking cancellation of Diarama's trademark registration and a declaration that they have not infringed upon Diarama's trademark rights. We assume the parties' familiarity with the underlying facts and procedural history of this case.

The District Court, in an opinion dated September 6, 2005, granted the Moving Defendants' motion for summary judgment, holding that (1) a third party—namely, Diamond Trading Company (Proprietary) Limited ("Diamond Trading Proprietary")—had "used the 'DTC' acronym as a trade name in a manner sufficient to establish rights superior to Diarama's," *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 2148925, at *7 (S.D.N.Y. Sept.6, 2005); (2) the Moving Defendants were each in privity with Diamond Trading Proprietary and thus were able to invoke the latter's superior rights to the "DTC" trade name, *id.* at *9–11; and (3) because defendant JWT had not registered the "dtc.com" domain name in bad faith, Diarama had failed to establish federal trademark cyberpiracy under 15 U.S.C. § 1125(d), *id.* at *12–13. As a result of these findings, the District Court declared that the Moving Defendants had not infringed on any trademark rights of Diarama, cancelled Diarama's registered "DTC" trademark, and dismissed Diarama's complaint in its entirety—including its claims against defaulting defendants De Beers Centenary AG and Diamond Trading Company Limited. *Id.* at *14.

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that Diarama's claims are without merit. Although we do not adopt or endorse the District Court's reasoning in all respects, based on our *de novo* review of the record, we have determined that the District Court reached the correct result in this case. *See Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 236 (2d Cir.2004) ("We may affirm on any ground with support in the record, even if it was not the ground relied on by the District Court."); *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (same). Accordingly, the judgment of the District Court is hereby **AFFIRMED.**