William CHAMBERLIN,
Plaintiff–Appellant,

v.

Anthony J. PRINCIPI, Secretary, U.S.
Department of Veteran Affairs,
Defendant–Appellee.

No. 06–1291–cv.

United States Court of Appeals,
Second Circuit.

Sept. 12, 2007.

John A. Beranbaum, Beranbaum, Menken, Ben–Asher & Bierman, New York, NY, for Plaintiff.

Sarah Normand, Assistant United States Attorney (Richard E. Rosenberger, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Defendants.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant William Chamberlin appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment in favor of Defendant–Appellee Anthony J. Principi, Secretary, United States Department of Veteran Affairs (the "VA") as to Chamberlin's claims of gender discrimination and retaliation under Title VII, 42 U.S.C.2000e *et seq.* On appeal, Chamberlin only challenges the district court's judgment as to his claims of retaliation. His claim of gender discrimination, therefore, is deemed abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). We assume the parties' familiarity with the facts, procedural background and issues presented for review. We review a grant of summary judgment *de novo,* construing the record in the light most favorable to the non-moving party. *Weinstein v. Albright,*

261 F.3d 127, 132 (2d Cir.2001). A district court's evidentiary rulings are reviewed for abuse of discretion. *See Zurich Am. Ins. Co. v. ABM Indus., Inc.*, 397 F.3d 158, 171–72 (2d Cir.2005).

The district court found Chamberlin's various retaliatory contentions inadequate due to insufficient causal connections between the adverse employment action and Chamberlin's protected EEOC activity, the lack of harm caused by the retaliatory action, and Chamberlin's failure to demonstrate that the legitimate non-retaliatory reasons proffered by the VA were pretextual. We agree.

Chamberlin alleges that the VA retaliated against him for filing two EEOC complaints, the first on August 23, 1996 for sex discrimination and the second on January 6, 1997 for retaliation and sex discrimination. Prior to the filing of the first complaint Chamberlin claims to have suffered a hostile work environment because of attempts by Helaine Shimel, the post traumatic stress disorder ("PTSD") unit's clinical coordinator, to undermine, exclude and isolate him within the unit. Chamberlin was eventually demoted from Unit Director and Shimel was promoted to replace him.

After the filing of the first complaint, Chamberlin alleges that, beginning in September, 1996, Shimel: 1) denied his request to start and lead an Anger Management Group (though eventually she relented in February 1997); 2) proposed his removal as Awareness Group leader during a staff meeting; 3) excluded him from volunteering as a replacement group leader, even though he regularly served as a replacement when he was the Unit Director; 4) denied him the opportunity to lead Community meetings; and 5) generally isolated him from unit duties.

After the filing of the second complaint in January 1997, Chamberlin asserts that in June 1997, he was directed to spend half his workday in unit 4CD, which housed a very difficult population of patients. He further complains of an inappropriate write-up by his supervisors in November 1997; hostility from co-workers after Shimel's removal as Unit Director in 1999; and his removal as leader of a focus group in January 2000.

To make out a prima facie case of retaliation, Chamberlin must show that: "1) [he] engaged in protected activity; 2)[his] employer was aware of this activity; 3) the employer took adverse employment action against [him]; and 4) a causal connection exists between the alleged adverse action and the protected activity." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir.2006). The district court ruled that Chamberlin failed to establish a causal connection between the protected activity and most of the adverse employment actions he alleged. We agree.

■ The only potential direct evidence of causation was the affidavit of a former employee of the VA, Dr. Gladys Frankel, submitted to the EEOC in 2001 in relation to Chamberlin's appeal of the dismissal of his discrimination claims against the Agency. The district court, citing to *Santos v. Murdock*, 243 F.3d 681, 683–84 (2d Cir. 2001) (per curiam), concluded that the affidavit constituted inadmissible hearsay and that Chamberlin failed to present any indication that Dr. Frankel would testify at trial consistently with her affidavit. In light of the hearsay aspects of the affidavit, Frankel's prior contradictory statements during the EEOC investigation, and the three year interval between the preparation of the affidavit and its submission, we believe that the district court's exclu-

sion of the affidavit involved no abuse of discretion.

■ The causal connection needed for a prima facie case can also be "established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Lovejoy–Wilson v. NOCO Motor Fuel Inc.*, 263 F.3d 208, 224 (2d Cir.2001) (internal quotation marks and citation omitted). However, as to the post–1997 adverse actions, the closest in time—Chamberlin's assignment to unit 4CD—occurred five months after the filing of the second EEOC complaint, an interval the district court properly concluded was not "close." Moreover, the district court properly ruled that Chamberlin failed to present evidence that the VA's legitimate non-retaliatory reason for the reassignment—"an acute need on that unit for psychology services" (**SPA 32**)—was pretextual. *See Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir.2002). As to the other alleged adverse action occurring after the filing of this complaint, we similarly believe that these events were too remote in time to the EEOC filing to establish the required causal connection. *See Gorman–Bakos v. Cornell Co-op. Ext. of Schenectady County*, 252 F.3d 545, 554 (2d Cir.2001) (observing that we have not adopted a bright line rule as to when a temporal relationship is too attenuated to establish causation, but acknowledging that the protected activity must be "closely followed" by the adverse action).

■ As to the remaining alleged acts of retaliation, although there is temporal proximity between the 1996 filing and the alleged acts, where, as here, "timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss*

*Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir.2001). The facts, as alleged by Chamberlin, document a pattern of attempts to undermine and exclude him that began well before the filing of the first EEOC complaint and that continued after the complaint was filed. Accordingly, we believe the district court correctly concluded that, based on temporal proximity alone, no causal connection was shown between these alleged acts and the protected activity.

■ The district court did find that Shimel's prevention of Chamberlin from volunteering as replacement group leader—where he had volunteered prior to the EEOC complaint—arguably established causation. However, the court, applying a standard now extinguished by the Supreme Court, ruled that this act did not constitute an adverse employment action as it did not cause a "materially adverse change in the terms and conditions of his employment." The Supreme Court has now broadened the scope of the kinds of actions that could be considered retaliatory acts by an employer. *See Burlington Northern & Santa Fe Ry. v. White*, —— U.S. ——, 126 S.Ct. 2405, 2412–13, 165 L.Ed.2d 345 (2006) ("[T]he anti-retaliatory provision ... is not limited to discriminatory acts that affect the terms and conditions of employment."); *Kessler v. Westchester Cty. Dept. of Social Svcs.*, 461 F.3d 199, 207–09 (2d Cir.2006).

The standard announced by the Supreme Court in *White* requires that a plaintiff "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 126 S.Ct. at 2415 (internal quotation marks

and citation omitted). The Supreme Court emphasized that this standard is "objective" and "judicially administratable" and stated that it believed that "this standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination." *Id.* at 2415–16.

Applying this standard, we conclude that the failure to select Chamberlin as a volunteer "replacement leader" for therapy groups whose regular leaders were temporarily unavailable does not meet the standard articulated in *White,* notably, in spite of the incident in question, Chamberlin continued to fulfill his previously assigned group therapy leadership responsibilities and established and led new therapy groups. In other words, we do not believe that Chamberlin's exclusion from volunteering to take on an unassigned duty would have dissuaded a reasonable worker from bringing a discrimination charge. We have considered Chamberlin's remaining contentions and found them to be without merit.

For the foregoing reasons, we AFFIRM the district court's judgment.