16-1340-cv
Nickey v. Carboine, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
PAUL A. CROTTY,
*District Judge.*\*

------------------------------------------------------------------

VERONICA NICKEY,

*Plaintiff-Appellant*,

v.                                         No. 16-1340-cv

DET. ROBERT CARBOINE, SHIELD #1719, DET. PATRICK COWARD, SHIELD #281, LIEUTENANT SEAMUS MCHUGH, DET. DAVID RAS,

*Defendants-Appellees.*\*\*

---

\* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

---

FOR APPELLANT: PATRICK I. O'KEKE (John C. Iwuh, Law Office of John C. Iwuh, PLLC, Brooklyn, NY, *on the brief*), O'Keke & Associates, P.C., Brooklyn, NY.

FOR APPELLEES: INGRID R. GUSTAFSON (Deborah A. Brenner, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Veronica Nickey appeals from the District Court's grant of summary judgment dismissing her false arrest and malicious prosecution claims under 42 U.S.C. § 1983. She also challenges prior orders dismissing her state law claims, denying her motions for recusal, and denying certain motions in limine. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Based on our de novo review of the record, we agree with the District Court that the defendants were entitled to judgment as a matter of law with respect to

---

** The Clerk of Court is directed to amend the official caption to conform to the caption above.

the false arrest and malicious prosecution claims.

Probable cause provides a complete defense to a claim of false arrest. Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013). Here, the officers had probable cause to arrest Nickey once D.R., an eyewitness to the shooting, identified Nickey in a photo array and reported seeing the shooter enter a building later determined to be Nickey's residence. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

True, certain circumstances can cast serious doubt on the reliability of a witness identification. But we reject Nickey's attempts to avoid summary judgment by raising doubts about D.R.'s identification. First, Nickey relies on an affidavit in which D.R. stated he never identified Nickey as the shooter. But D.R. later flatly refused to testify in this case in accordance with the affidavit, so it cannot provide a basis for denying summary judgment. See Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001). Second, Nickey speculates that D.R. identified her only as someone he knew, rather than as the shooter. Her conclusory claim, finding no support in the record, is in fact contradicted by the record. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation."). Third, Nickey

3

emphasizes that several witnesses, including D.R., identified the shooter as a "black female with dreadlocks," whereas Nickey, at the time of her arrest, wore her hair in cornrows. As a matter of law, such a modest imprecision cannot overcome D.R.'s positive identification. See Stansbury v. Wertman, 721 F.3d 84, 94 (2d Cir. 2013).

We also reject Nickey's arguments relating to the dismissal of her malicious prosecution claim. Immediately after Nickey's arrest, D.R. identified her in a lineup, justifying the criminal complaint issued the following day. Nickey then was indicted by a grand jury. A grand jury indictment creates a presumption of probable cause rebuttable only by evidence that it was obtained by police conduct undertaken in bad faith. Id. at 95. Here, the grand jury proceedings reinforced the District Court's finding of probable cause, as D.R. again identified Nickey as the shooter.

Turning to Nickey's remaining arguments regarding orders rendered prior to summary judgment, we conclude that the District Court (1) correctly held that Nickey abandoned her state law claims, see Kovaco v. Rockbestos-Surprenant Cable Corp., 834 F.3d 128, 143–44 (2d Cir. 2016); Jackson v. Fed. Express, 766 F.3d 189, 196 (2d Cir. 2014), and (2) acted within its discretion when it denied Nickey's

4

motions for recusal, which were based on accusations of bias reflected in the District Judge's rulings, see Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008).

We have considered the remaining arguments and conclude that they are without merit or moot. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court