18-1300
Harleysville v. Wesco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> ROBERT D. SACK,
> > Circuit Judges.

---

Harleysville Worcester Insurance Company,

> Plaintiff-Counter Defendant-Appellee,

 -v.-                                                           18-1300

Wesco Insurance Company,

> Defendant-Cross Defendant-
> Counter Claimant-Appellant,

Agri-Mark, Inc.,

**Defendant-Cross Claimant-
Counter Claimant,**

Bernard Thomas, DBA M&T Transport,
Penny Thomas, DBA M&T Transport, Great
Lakes Cheese of New York, Inc., Agri-Mark,
Inc.,

**Defendants.[1]**

FOR PLAINTIFF-COUNTER DEFENDANT-APPELLEE:

Lance J. Kalik (with Jeffrey A. Beer Jr. on the brief), Riker, Danzig, Scherer, Hyland & Perretti LLP, New York, NY.

FOR DEFENDANT-CROSS DEFENDANT-COUNTER CLAIMANT-APPELLANT:

Max W. Gershweir, Kennedys CMK LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Two insurers dispute coverage for defense and indemnity of lawsuits against their insured, M&T Transport, a milk delivery company. Its truck delivered contaminated product that damaged a customer's factory. After Wesco Insurance Company disclaimed coverage, Harleysville Worcester Insurance Company provided a defense and paid the indemnity, and sues Wesco to recover. The United States District Court for the Southern District of New York (Nathan, J.) granted summary judgment to Harleysville, concluding that

---

[1] The Clerk of Court is directed to amend the caption to conform to the listing above.

Wesco's policy provided coverage for the incident and that Harleysville's policy excluded coverage. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

In August 2013, an M&T truck delivered milk contaminated with metal filings to Great Lakes Cheese of NY, Inc., causing substantial damage to Great Lakes' factory. M&T gave notice of the contamination incident to Harleysville (its general-liability insurer) and Wesco (its auto-liability insurer) in August and September 2013, respectively. When Wesco disclaimed coverage, Harleysville assumed the defense under a reservation of rights. Great Lakes filed a lawsuit in federal court against Agri-Mark, Inc., the milk provider, which impleaded M&T as a third-party defendant. Great Lakes also sued M&T directly in state court. Harleysville funded M&T's defense for both lawsuits.

After a mediation held in the federal action, the lawsuits were settled for $1,062,500, of which Harleysville paid $1,000,000 (the coverage limit) in exchange for an assignment from M&T of "all its rights, claims for relief and causes of action" against Wesco. App'x 792. In the present suit, Harleysville argues that Wesco was liable under the auto policy for defense and indemnity, and that Harleysville's general liability policy excluded coverage. The district court granted summary judgment in favor of Harleysville. Wesco appeals.

**1.** Wesco does not contest the district court's conclusion that its policy provides coverage and that Harleysville's does not: instead, Wesco argues that Harleysville acted as a volunteer, and that Harleysville cannot pursue recovery under an assignment or subrogation theory. Harleysville argues that these arguments were waived by Wesco because they were not raised to the district court.

Wesco's arguments are new on appeal. The position Wesco took in the district court, and had consistently maintained since the incident, was that its policy excluded coverage, and that Harleysville's policy provided coverage. Before us, Wesco does an about-face, conceding that its policy covers the accident (and that Harleysville's doesn't), but arguing that Harleysville cannot recover nevertheless.

We have discretion to consider arguments raised for the first time on appeal, but this case does not warrant that exercise of discretion.

3

See Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc., 54 F.3d 69, 73 (2d Cir. 1995) ("Th[e] general rule [that an appellate court does not consider an issue not passed upon below] may be overcome only when necessary to avoid manifest injustice, or where there is some extraordinary need . . . to consider appellants' claim." (internal quotation marks and citations omitted)). We deny indulgence on the further grounds that: Wesco could have asserted the position it takes on appeal as an alternative argument in the district court, see Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005) (concluding that, where the new arguments were available to the party below, "the circumstances . . . do not militate in favor of an exercise of discretion"); Fed. R. Civ. P. 8(d)(2) & (3) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones . . . regardless of consistency."); and Wesco has not justified its failure to raise this argument earlier, see In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008) ("[W]e decline to exercise our discretion where Milberg has offered no reason for its failure to raise this argument to the district court.").

Wesco urges us to consider its new argument because it "presents a question of law and there is no need for additional fact-finding." Sniado v. Bank Austria AG, 378 F.3d 210, 213 (2d Cir. 2004). But "[o]ur discretion to decide purely legal issues" should only be exercised "where the proper resolution is beyond any doubt." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003) (internal quotation marks omitted). As part of its argument on appeal, Wesco urges us to ignore New York State Appellate Court opinions, and "predict how the New York Court of Appeals would resolve the issue." Appellant's Br. 36. Such a request makes clear that the proper resolution of this question of law is not "beyond any doubt." Coopers & Lybrand, 322 F.3d at 159 (internal quotation marks omitted).

In any event, even if the argument were not waived, we would review it only for plain error. See Peterson v. Islamic Rep. of Iran, 876 F.3d 63, 78 (2d Cir. 2017). Since Wesco's argument invites us to make new state law, the district court's disposition could not be plain error. See United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law." (internal quotation marks omitted)).

4

Accordingly, we decline to consider the new arguments raised by Wesco on appeal.

**2.** Wesco argues that it was not provided timely notice by M&T. The parties do not dispute that Wesco must show prejudice as well as lack of notice. N.Y. Ins. Law § 3420(a)(5).

Harleysville asserts that it provided timely notice of the lawsuit to Wesco, citing to an April 14, 2014 claim note kept by one of its employees: "SENT A COPY OF THE 3P COMPLAINT TO THE NI BUSINESS AUTO CARRIER - AM TRUST NORTH AMERICA [Wesco's parent company] AND ASKED IF THEY WOULD BE PROVIDING A DEFENSE AND IF THEY WOULD LIKE TO SHARE IN THE DEFENSE COSTS WITH HIC". App'x 489. Wesco argues (again, for the first time on appeal) that this claim note is inadmissible on summary judgment because it was not "[]authenticated by a person with knowledge" as a business record. Reply Br. 22-23. However, so long as evidence "will be presented in admissible form at trial," it may be considered on summary judgment. Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001). Harleysville asserts that it could (and would, if necessary at trial) provide an affidavit from a records custodian to authenticate the claim note.

Even if the notice had been late or inadequate, Wesco's defense would require a showing that it was prejudiced. Under N.Y. Ins. Law § 3420(c)(2)(C), "[t]he insurer's rights shall not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim." Wesco argues on appeal that it was prejudiced by the late notice because it was deprived of the opportunity to participate in phases of the litigation against M&T, including discovery and summary judgment briefing. Such a generalized assertion of prejudice is insufficient to establish Wesco was "materially impair[ed]" in its ability to defend M&T. While Wesco need not show that there would have been a different outcome, it must identify something it could have done differently in discovery, at summary judgment, or at mediation; or identify different defenses or strategies it could have pursued. See Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 256 (S.D.N.Y. 2013) (concluding prejudice was shown where "the best physical evidence was available to only one side but not the other because of an unreasonable failure to provide notice"); Emigrant Bank v. Commonwealth Land Title Ins. Co., No. 15-

cv-7593 (KMK), 2017 WL 4286335, at *10 (S.D.N.Y. Sept. 26, 2017) (concluding prejudice was shown where insurer asserted that it could have raised an equitable subrogation defense and pursued additional avenues of recoupment).

Accordingly, Wesco's late-notice defense is meritless.

*****

We have considered Wesco's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6