21-1059-cv
Xu v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-three.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

YAN PING XU,

*Plaintiff-Appellant*,

v.                                                    No. 21-1059-cv

THE CITY OF NEW YORK, other THE NEW
YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE, BRENDA M. MCINTYRE,

*Defendants-Appellees*.*

------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: Yan Ping Xu, *pro se*, Islip, NY

FOR DEFENDANTS-APPELLEES: Claude S. Platton, Janet L. Zaleon, *on behalf of* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from an order entered in the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Plaintiff-Appellant Yan Ping Xu, proceeding pro se, appeals from a March 31, 2021 order of the United States District Court for the Southern District of New York (Torres, J.), adopting in full the Report and Recommendation of the Magistrate Judge (Lehrburger, M.J.), granting summary judgment in favor of Defendants-Appellees on Xu's procedural due process and employment discrimination claims, and denying Xu's cross motion for summary judgment on her due process claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Xu, a woman of Chinese national origin who was at all relevant times in her late fifties, worked as a research assistant in a noncompetitive, probationary position at the New York City Department of Health and Mental Hygiene ("DOHMH"). At the end of a six-month probationary period, Xu's position became permanent. In March 2008, however, after working for DOHMH for only nine months, Xu was fired.

Xu sued the City of New York, DOHMH, and various DOHMH employees, including Brenda M. McIntyre, under 42 U.S.C. § 1983, claiming, as relevant here, that they violated her Fourteenth Amendment right to procedural due process by firing her without a hearing and discriminated against her based on her race, color, national origin, gender, and age in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Appellees moved for summary judgment on Xu's due process and discrimination claims, and Xu moved for summary judgment on her due process claim. The District Court referred the parties' summary judgment motions to the Magistrate Judge, who recommended that the District Court grant Appellees' motion and deny Xu's cross motion. After

3

considering Xu's objections, the District Court adopted the Magistrate Judge's Report and Recommendation in its entirety.

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor."[1] Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc., 62 F.4th 748, 752 (2d Cir. 2023) (quotation marks omitted). "[I]t is well established that a court is ordinarily obligated to afford special solicitude to pro se litigants . . . particularly where motions for summary judgment are concerned." Harris v. Miller, 818 F.3d 49, 57 (2d Cir. 2016) (quotation marks omitted). But "our application of this different standard does not relieve [pro se] plaintiff[s] of [their] duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (quotation marks omitted).

---

[1] Xu argues that the District Court wrongly reviewed the Report and Recommendation for clear error instead of de novo. Assuming that the District Court applied the wrong standard, "our own de novo review of the record . . . obviates the need for remand." Finkel v. Romanowicz, 577 F.3d 79, 84 n.7 (2d Cir. 2009).

4

**I.  Due Process Claim**

We begin with Xu's procedural due process claim.  "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest."  Progressive Credit Union v. City of New York, 889 F.3d 40, 51 (2d Cir. 2018) (quotation marks omitted).  "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)).

Pointing to New York Civil Service Law, Xu argues that she had a property interest in her continued employment because (1) she was a permanent employee and (2) she was denied due process when she was fired without a hearing.  We disagree.  New York Civil Service Law does not guarantee employees like Xu the right to a pretermination hearing.  Section 75(1)(c) provides that "an employee holding a position in the non-competitive [class]" who has "completed at least five years of continuous service" "shall not be removed . . . except for incompetency or misconduct shown after a hearing."

N.Y. Civ. Serv. Law § 75(1)(c) (emphasis added). Xu completed only nine months of continuous service. The "mere fact that her position is characterized as permanent means only that she has passed her probationary period; it does not establish that she is entitled to tenure protections afforded by section 75." Voorhis v. Warwick Valley Cent. Sch. Dist., 92 A.D.2d 571, 571 (N.Y. App. Div. 2d Dep't 1983); see Wright v. Cayan, 817 F.2d 999, 1003 (2d Cir. 1987).

We are also unpersuaded by Xu's argument that her collective bargaining agreement supplants the five-year requirement under section 75. Although "[s]ection 75 . . . may be modified or replaced by a collective bargaining agreement," Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 314 (2d Cir. 2002), the grievance procedures in Xu's collective bargaining agreement apply only to permanent employees covered by section 75(1), provisional employees who have served for at least two years, and noncompetitive employees who have served for at least one year. Because Xu makes no showing that she qualifies under any of those prongs of the agreement, the District Court did not err in granting summary judgment dismissing her procedural due process claim.[2]

---

[2] In her opposition to summary judgment, Xu also introduced a "stigma-plus" procedural due process claim. We need not consider this untimely claim because it did not appear in her complaint and she did not move to amend the complaint to add the claim. See Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006). Even if the

6

## II. Discrimination Claims

With respect to her claims of discrimination, Xu first argues that the District Court should not have considered or relied on information contained in the affidavits and notes of her former supervisors to grant summary judgment because that information constituted inadmissible hearsay. See Delaney v. Bank of Am. Corp., 766 F.3d 163, 169–70 (2d Cir. 2014). We review a district court's evidentiary rulings underlying a grant of summary judgment for abuse of discretion. See Porter v. Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013).

Here, the District Court determined that it could rely on information contained in the affidavits and notes because the same information could be admitted through the direct testimony of their authors. We decline to assign error to this determination. Material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question "will be presented in an admissible form at trial," it may be considered on summary judgment. Santos v. Murdock, 243 F.3d 681, 683 (2d Cir.

stigma-plus claim were timely, however, it fails on the merits because Xu could have pursued an Article 78 proceeding. With respect to stigma-plus claims, "[a]n Article 78 proceeding provides the requisite post-deprivation process—even if [a plaintiff] failed to pursue it." Anemone v. Metro. Transp. Auth., 629 F.3d 97, 121 (2d Cir. 2011). And we have held that "the availability of adequate process defeats a stigma-plus claim." Segal v. City of New York, 459 F.3d 207, 213 (2d Cir. 2006).

2001).  We therefore conclude that the District Court did not abuse its discretion in relying on the information in the affidavits and notes and we decline to disturb the District Court's evidentiary ruling.

Turning to the merits, we analyze discrimination claims under Title VII and the NYSHRL using the McDonnell Douglas burden-shifting framework.  See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); Vasquez v. Empress Ambulance Serv., Inc., 835 F.3d 267, 271 n.3 (2d Cir. 2016) (NYSHRL).  First, the employee must establish a prima facie case of discrimination by showing that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination."  See Vega, 801 F.3d at 83 (quotation marks omitted).  Once an employee has demonstrated a prima facie case, "[t]he burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment."  Id. (quotation marks omitted).  "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination."  Id. (quotation marks omitted).

8

Although Xu may have established a prima facie case of discrimination, she failed to demonstrate that the asserted legitimate, non-discriminatory reasons for her termination were pretextual. In their affidavits and notes, Xu's superiors explained that Xu was terminated because she was unable to complete her assignments, struggled to communicate her findings in team meetings, and demonstrated an unwillingness to learn from and cooperate with her coworkers. Xu did not proffer any admissible evidence that these reasons were actually a pretext for discrimination against her based on her race, color, national origin, gender, or age. She has cited no reason for believing that she was discriminated against based on race, color, or age. Instead, Xu pointed the District Court to her "gut feeling"—in other words, her "conclusory allegation[] or unsubstantiated speculation"—that she was discriminated against because of her sex. Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015). But she cannot rely on allegations or speculation to defeat Appellees' motion for summary judgment. Neither can she rely solely on her status as the only person of Chinese national origin working in a managerial capacity at the Bureau of Immunization to raise an inference of discrimination. See e.g., Pattanayak v. Mastercard Inc., No. 22-1411, 2023 WL 2358826, at *2 (2d Cir. Mar. 6, 2023) (summary order).

Under these circumstances, the District Court did not err in granting summary judgment on Xu's Title VII and NYSHRL claims.

Finally, we turn to Xu's NYCHRL claim. Summary judgment is appropriate in NYCHRL cases "only if the record establishes as a matter of law that a reasonable jury could not find the employer liable under any theory." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 113 (2d Cir. 2013). Because the record does not contain any evidence that discrimination played any role in Xu's termination, we conclude that the District Court did not err in granting summary judgment on Xu's NYCHRL claim.

We have considered Xu's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10