*Smith v. The City of New York et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 19th day of September, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                         *Chief Judge*,
                 ROBERT D. SACK,
                 PETER W. HALL,
                         *Circuit Judges*.

_____

KENNETH SMITH,

                         *Plaintiff-Appellant*,

                 v.                                                    No. 16-3731

THE CITY OF NEW YORK, P.O. DANIEL PANTALEO, SH. 13923, P.O. JOSEPH TORRES, P.O. CHRISTIAN CATALDO, P.O. GREGORY HOWARD, KRISTEN WHITE, P.O. PHILIP VACARINO, P.O. GREGORY HERBERT, P.O. HENRY CHERNYAVSKY, SGT. IGAZIO CONCA, LT. SCOTT SWEENEY, CAPTAIN MARK MOLINARI, P.O., 1-5 JOHN DOE,

                         *Defendants-Appellees*.

_____

For Plaintiff-Appellant:           MICHAEL J. COLIHAN, Brooklyn, NY.

For Appellee:                      EMMA GRUNBERG (Richard Dearing and Claude S. Patton, *on the brief*), of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Kenneth Smith appeals from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*) granting summary judgment to the defendants-appellees on Smith's claim for false arrest brought under 42 U.S.C. § 1983. In February 2012, Smith was arrested outside his apartment building for fifth-degree criminal possession of marijuana and unlawful possession of marijuana. The charges were dismissed at Smith's arraignment and Smith subsequently initiated this action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons that follow, we affirm.

We review a grant of summary judgment *de novo*, "view[ing] the facts in the light most favorable to the non-moving party and resolv[ing] all factual ambiguities in its favor." *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007). For summary judgment to be warranted, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Smith contends that the district court erred in ruling that the various police reports and related documents submitted by the defendants in support of their motion for summary judgment were admissible under the business-records or public records exceptions to the hearsay rule. *See* Fed. R. Evid. 803. We review "a district court's evidentiary rulings

2

underlying a grant of summary judgment" for abuse of discretion. *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). We need not resolve whether the documents fall within either the business-records exception or the public-records exception to the hearsay rule because, in any case, material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question "will be presented in admissible form at trial," it may be considered on summary judgment. *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Here, the documents in question could readily be reduced to admissible form at trial through the testimony of the defendant officers as to the underlying events in question. As for the statements made by the confidential informant on which the officers relied in arresting Smith, they are not implicated by the hearsay rule because they would not be offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement"). Rather, those statements would be offered for the fact that they were made to the defendants and were thus relevant to the probable cause inquiry.

Having resolved that the district court did not err in considering the documentary evidence before it, we have no trouble concluding that the district court properly granted the defendants' motion. Probable cause to arrest "is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (internal quotation marks omitted). "Probable cause exists if at the time of the arrest the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the

suspect had committed or was committing an offense." *Id.* (internal quotation marks and alterations omitted). Here, the officers were acting on information from a reliable confidential informant and had recovered fifteen bags of marijuana from what the informant had asserted was Smith's bedroom pursuant to a search warrant executed the day of the arrest. Smith contends that there is no evidence demonstrating the specific knowledge of the arresting officers. Under the collective knowledge doctrine, however, "an arrest . . . is permissible where the actual arresting . . . officer lacks the specific information to form the basis for probable cause . . . but sufficient information to justify the arrest . . . was known by other law enforcement officials initiating or involved with the investigation." *United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001). The arresting officers were therefore entitled to rely on the information Sergeant Chernyavsky obtained from the informant and the results of the search of the apartment. These circumstances were sufficient to create probable cause to arrest Smith for criminal possession of marijuana in the fifth degree, N.Y. Penal Law § 221.10.

Finally, the district court did not abuse its discretion in granting summary judgment to the defendants despite Smith's contemporaneous objection that insufficient discovery had taken place for Smith to meaningfully oppose the defendants' motion. While the Federal Rules provide that a court "may" defer consideration of a motion for summary judgment (or deny it) if "a nonmovant shows . . . it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), Smith has not made the required showing. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) ("[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain

4

them, and (4) why the affiant was unsuccessful in those efforts." (internal quotation marks omitted)).

We have considered all of the plaintiff's arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK