18-1330-cv
*Jacobs v. N.Y.C. Dep't of Educ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                        *Circuit Judges.*

_____

PAMELA JACOBS,

          *Plaintiff-Appellant,*                    18-1330-cv

          v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

          *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**        STEVEN SELTZER, The Seltzer Law Group P.C., New York, NY.

**FOR DEFENDANT-APPELLEE:**        JANET L. ZALEON (Devin Slack and Deborah A. Brenner, *on the* brief), Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a March 31, 2018 judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Pamela Jacobs ("Jacobs") appeals from the District Court's grant of summary judgment for Defendant-Appellee New York City Department of Education ("DOE"). Jacobs, a former DOE school nurse, suffers from multiple sclerosis ("MS"). She alleges that DOE unlawfully terminated her employment because of her MS, in violation of the Americans with Disabilities Act ("ADA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the award of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (internal quotation marks omitted). We analyze ADA discrimination claims under the now-familiar burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015). Under this framework, "a plaintiff must first establish a *prima facie* case of discrimination under the ADA, after which the burden of proof shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employer's conduct. If the employer successfully meets its burden, the plaintiff must then demonstrate that the employer's assigned reason was a pretext or discriminatory in its application." *Fox*, 918 F.3d at 71 (internal quotation marks, citation, brackets, and ellipsis omitted).

To satisfy the first step of the *McDonnell Douglas* burden-shifting framework and establish a *prima facie* case of discrimination, Jacobs must show by a preponderance of the evidence that: "(1) [her] employer is subject to the ADA; (2) [she] was disabled within the meaning of the ADA; (3) [she] was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [she] suffered adverse employment action because of [her] disability." *Id.* (internal quotation marks omitted). The parties do not contest the first three elements of Jacobs's ADA claim; they dispute only whether Jacobs was terminated under circumstances giving rise to an inference of discrimination.

Upon *de novo* review, we affirm the grant of summary judgment in favor of DOE for substantially the reasons set forth in the District Court's well-reasoned and thorough March 31, 2018 Memorandum and Order. Jacobs has not satisfied her initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. The stray disability-related remarks uttered by various supervisors—some of whom were not involved in the decision to terminate Jacobs's employment—do not evince an intent to terminate Jacobs because of her disability. Nor do these comments, considered collectively, evince a discriminatory atmosphere within Jacobs's workplace. The only arguably contemporaneous discriminatory remark was elicited by Jacobs and was not itself discriminatory. Rather, the speaker, having been confronted by Jacobs about prior discriminatory

remarks, denied ever making such remarks. *See* Appellant Br. 11 ("Appellant also confronted Ms. Marchese in the presence of everyone present at the meeting for her to admit in saying Appellant should not have been hired by the Board of Ed due to her MS and Ms. Marchese replied, 'It wasn't me. It was Janet King.'"). In sum, this single contemporaneous remark does not give rise to an inference of discrimination by DOE in terminating Jacobs's employment.

Even assuming *arguendo* that Jacobs could establish a *prima facie* case of discrimination, the DOE has articulated a facially legitimate, nondiscriminatory reason for firing her—namely, an investigatory report produced by DOE's Office of Special Investigations (the "OSI Report"). The OSI Report found, *inter alia*, that Jacobs had attempted to interfere with an open investigation into her verbal abuse and use of corporal punishment against students. The OSI Report recommended strong disciplinary action against Jacobs, including possible termination.[1] *See McPherson v. N.Y.C.*

---

[1] Jacobs disputes the admissibility of the OSI Report as a business record because DOE failed to submit an affidavit from a qualified witness or custodian affirming that the OSI Report was prepared and maintained in compliance with customary record-keeping practices. Jacobs also argues that DOE failed to proffer any admissible evidence demonstrating its reliance on the OSI Report as a basis for terminating her employment. She claims that the December 10, 2010 termination letter issued by Director of Nursing Carol Marchese ("Marchese")—wherein Marchese expresses her agreement with the OSI Report's findings—is hearsay and cannot be used to demonstrate DOE's reliance on the OSI Report as a reason for terminating her employment.

It is well-established that "[i]n ruling on a motion for summary judgment, the district court may rely on any material that *would* be admissible at a trial." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012) (emphasis added) (internal quotation marks omitted). Here, DOE has proffered that, if required, it would "gladly provide an affidavit from a records custodian to verify the authenticity of the documents submitted in support of" its motion. Dist. Ct. Dkt. No. 101 at 4 n.3. Accordingly, because the OSI Report and December 10, 2010 termination letter would be admissible as either business records, *see* Fed. R. Evid. 803(6), or public records, *see* Fed. R. Evid. 803(8), we find no error in the District Court's reliance on these documents. *See, e.g., Haryleysville Worcester Ins. Co. v. Wesco Ins. Co.*, 752 F. App'x 90, 93–94 (2d Cir. 2019) (summary order) ("[S]o long as evidence will be presented in admissible form at trial, it may be considered on summary judgment. [The appellee] asserts that it could (and would, if necessary at trial) provide an affidavit from a records custodian to authenticate the [record]." (internal quotation marks and citation omitted)); *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order) ("We need not resolve whether the documents fall within either the business-records exception or the public-records exception to the hearsay rule because, in any case, material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question will be presented in admissible form at trial, it may be considered on summary judgment." (internal quotation marks omitted)).

We note further that aside from hearsay objections, Jacobs's response to DOE's Local Rule 56.1 statement does not genuinely dispute the following material facts: (1) the OSI Report recommended that DOE take "strong disciplinary action" against Jacobs, including "possible termination and placement on the ineligible list"; (2) the OSI findings were forwarded to Marchese, who ultimately

*Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (recognizing that "investigatory conclusions that [the employee] used corporal punishment and that she had tried to silence one of her child accusers" was a facially legitimate, non-discriminatory reason for firing the employee). Jacobs fails to adduce any evidence beyond the stray remarks to show that DOE's proffered reason—reliance on the OSI Report—is pretextual. Moreover, her contention that the OSI Report is factually incorrect is unavailing, since "[i]n a discrimination case . . . we are decidedly not interested in the truth of the allegations against plaintiff." *McPherson*, 457 F.3d at 216. Rather, we are interested solely in "what *motivated* the employer; the factual validity of the underlying imputation against the employee is not at issue." *Id.* (internal quotation marks and citation omitted).

## CONCLUSION

We have reviewed all of the remaining arguments raised by Jacobs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 31, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

fired Jacobs; and (3) Marchese concurred with OSI's determination that Jacobs attempted to "improperly interfere with an open investigation and to thwart the investigative and disciplinary process and/or retaliate against [the student] for her cooperation in that investigation." Dist. Ct. Dkt. No. 98 ¶¶ 23, 24, and 27. *See generally Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue.").